It was in evidence that the sheriff had a capias ad satisfaciendum
against the defendant, and informed him of it; whereupon he refused to be taken and attempted to strike the sheriff with a hammer. The process under which the officer acted was written upon the back of a paper which contained a magistrate's warrant and judgment in the regular form. On the same paper was also endorsed a fieri facias, to which the return of "no goods" was regularly made, and then followed the process in question, in the following words:
"To the Sheriff of Bladen County: You are hereby commanded to take the body of William Reeves, and him safely keep, until he is discharged as the law directs.
"July 11, 1838. JOHN MELVIN, J. P."
The defendant's counsel insisted that this was not a ca. sa, (328) and did not protect the officer in making the arrest. The court charged that the precept, although not in the usual form of a ca. sa. was sufficient to protect the officer in making the arrest. The defendant was found guilty, and, after an ineffectual motion for a new trial, appealed.
The writ upon which the sheriff undertook to arrest the defendant is so very defective that with every disposition to view with indulgence the process of magistrates in the exercise of their civil jurisdiction, we should have great difficulty in sustaining it as an execution were it not for the principles established in former adjudications. But after it has been long settled that a mandate from a magistrate, endorsed upon a judgment "execute and sell the defendant's property according to law," is valid fieri facias to make the amount of that judgment out of the goods and chattels of the defendant, and for want of such to levy upon his lands, we do not see how we can hold that the mandate in this case is not a validcapias ad satisfaciendum. It is endorsed on the judgment, is addressed to the proper officer, orders the seizure of the defendant's person according to law, and if it be not a ca. sa. neither is nor resembles anything else. Perhaps it might have been better had a less latitudinous interpretation been originally put upon these acts of magisterial power; but we cannot now do so without throwing the law into confusion.
This opinion is to be certified to the court below with directions to proceed to judgment against the defendant accordingly; and there must be judgment against him here for costs.
PER CURIAM. Judgment to be affirmed. *Page 262 
(329)